# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO.   15-0125-WS |
| | )                                     16-0066-WS |
| AARON STEVEN WRIGHT, | ) |
| | ) |
| Defendant. | ) |

## ORDER

These matters come before the Court on defendant Aaron Steven Wright's "Motion for Specific Performance of Judgment and Commitment" (doc. 31 in 15-0125, doc. 40 in 16-0066). Wright, a federal inmate housed at FCI Greenville in Greenville, Illinois, was sentenced by this Court on June 28, 2018 to a term of imprisonment of 24 months on revocation of supervised release term in these two matters. The Judgment in a Criminal Case entered by the undersigned on July 6, 2018, provided in part as follows: "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 24 MONTHS in case 15-00125-WS and 16-00066-WS; said terms to run concurrently; defendant is to get credit for time served." (Doc. 27 in 15-0125, at 2; doc. 36 in 16-0066, at 2.)

In his current Motion, Wright challenges the Bureau of Prisons' computation of sentence credits relating to that Judgment. Specifically, the BOP denied his request for prior custody credit for time spent in state custody, which the BOP construed as a request for *nunc pro tunc* or retroactive designation. In a letter to Wright dated May 31, 2019, the BOP explained its position that Wright is "not eligible for a retroactive designation" because the state sentences were imposed prior to the federal sentence, and "[his] federal Judgment in a Criminal Case does not state whether [his] federal sentence is to be served concurrently with or consecutively to [his] undischarged state sentences imposed on June 14, 2018," such that 18 U.S.C. § 3584 requires the federal sentence to be served consecutively. Wright now petitions this Court for relief from the BOP's determination, and seeks an order compelling the BOP to grant him *nunc pro tunc* designation for the time he previously spent in state custody.

Wright's Motion is procedurally defective in two critical respects. Here's why: It is well settled that, as a general proposition, "[t]he Attorney General through the BOP, and not the district courts, is authorized, under 18 U.S.C. 3585(b), to compute sentence credit awards after sentencing." *Dawson v. Scott*, 50 F.3d 884, 889 (11th Cir. 1995). The Eleventh Circuit has summarized applicable law and procedure for defendants in Wright's position in the following terms:

> "In construing 18 U.S.C. § 3585(b), the Supreme Court has held that the Attorney General through the Bureau of Prisons, as opposed to the district courts, is authorized to compute sentence credit awards after sentencing. … As a result, a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence. … A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies."

*United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005) (citations and internal quotation marks omitted).[1] Moreover, it is black-letter law that ordinarily § 2241 proceedings must be pursued in the district where the petitioner is being confined, not the district where sentencing occurred. *See, e.g., Rumsfeld v. Padilla*, 542 U.S. 426, 443, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *Diaz v. United States*, 580 Fed.Appx. 716, 717 (11th Cir. Sept. 5, 2014) ("A § 2241 petition by a federal prisoner must be brought in the district where the inmate is incarcerated."); *Garcia v. Warden*, 470 Fed.Appx. 735, 736 (11th Cir. Mar. 27, 2012) (as a general proposition, "jurisdiction for § 2241 petitions lies only in the district of confinement").

What does all of this mean for Wright? The BOP letter dated May 31, 2019 and attached to his Motion confirms that Wright has not exhausted his administrative remedies with the BOP to date; indeed, that letter expressly notified him, "If you are not satisfied with this response, you may utilize the administrative remedy process." There is no indication that Wright has done so; however, he cannot skip that step and proceed directly to § 2241 review in federal court under

---

[1] Subsequent decisions have made clear that the exhaustion prerequisite for § 2241 motions is not jurisdictional. *See, e.g., Santiago-Lugo v. Warden*, 785 F.3d 467, 475 n.5 (11th Cir. 2015) ("To the extent that other published decisions of this Circuit have held or stated that exhaustion is a jurisdictional prerequisite to § 2241 relief, they too have been undermined to the point of abrogation.").

the circumstances presented here.  Moreover, because he is confined in federal prison in Bond County, Illinois, any § 2241 petition that Wright submits after exhausting his administrative remedies with the BOP would properly be directed to the U.S. District Court for the Southern District of Illinois (his district of incarceration), rather than this District Court.

For all of the foregoing reasons, defendant's Motion for Specific Performance of Judgment and Commitment is **denied**, without prejudice to Wright's ability to renew such a motion in an appropriate court at an appropriate time.

DONE and ORDERED this 28th day of June, 2019.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE